# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

WILLIAM BERNARD THOMASON,      )
            )
            Plaintiff,      )
            )
            v.      )     No. 07-0182-SSA-CV-W-WAK
            )
MICHAEL J. ASTRUE, Commissioner,      )
Social Security Administration,      )
            )
            Defendants.      )

## ORDER

Claimant William Thomason seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on October 20, 2003, because of cardiac problems, breathing deficits and mental problems. The parties' briefs were fully submitted, and on October 4, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." <u>Lewis v. Barnhart</u>, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); <u>Young v. Apfel</u>, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

William Thomason was born in 1961 and has a high school education.  He had problems in school, lived in a treatment facility for children with emotional needs for approximately five years, had some special education classes and had mainly failing or nearly failing grades when he graduated.  Testing while he was in school revealed an IQ of between 70 and 82, placing him in the borderline range of intellectual functioning.  After graduation, he worked at one job for 22 or 23 years as a custodian/floor technician.  When he began having problems with that job, his employer had him placed on long-term disability.  Thomason testified that he had problems

staying awake at work, his pace was slow, he was unable to complete the tasks assigned to him, and he was getting written up every day.

At the time of the hearing, he was 6 feet 1 inch tall and weighed approximately 280 pounds. He lives with his mother, is unmarried, and does not have children. He does not have a driver's license and does not drive a vehicle.

After considering the evidence presented, the Administrative Law Judge (ALJ) found plaintiff was obese, had high blood pressure, heart disease with a trace of left extremity edema, and diabetes which were severe impairments under the Social Security Act and its regulations. The ALJ also found Thomason had nonsevere impairments of mild renal insufficiency, sleep apnea and a childhood autistic disorder. The ALJ concluded claimant was unable to return to his former work, but could do light exertional work with simple, unskilled and repetitive tasks. Examples of such jobs were identified as a light cleaner and bench assembler.

Plaintiff asserts the ALJ erred when (1) he relied upon the opinion of a nonexamining medical expert who had an incomplete medical record and no school records; (2) he failed to make a "function by function" assessment and to properly analyze the limitations imposed by the mental impairment; (3) he did not find plaintiff's autism, borderline intellectual functioning and sleep apnea to be severe impairments; (4) he did not consider all of the impairments in combination; (5) he did not make adequate credibility findings; and (6) he did not fully develop the record.

"In analyzing a claimant's subjective complaints, . . . an ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). "Other relevant factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints." Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998).

In this case, the medical records and plaintiff's testimony clearly indicate ongoing medical conditions that were not always controlled with medication. The records regularly document high blood pressure, sleep apnea, edema and other conditions that had a significant impact on plaintiff's daily life. He fell asleep during the day, his medications made him sleepy, he had sores that did not heal, and he engaged in limited social and daily activities. Some of his

3

physical abilities, such as sustained walking and regular bowling, when isolated, give some credence to the ALJ's decision that Thomason could work. Nevertheless, plaintiff's conditions must be considered in combination.

The evidence indicates that plaintiff was a man in his forties who had childhood autism, lived at home with his mother, did not drive a car or have a driver's license, held the same job for more than twenty years but lost it when he was no longer able to do it to his employer's satisfaction, and had a low IQ. His medical records document swelling in his feet and legs, and plaintiff testified that he had to recline and elevate his legs several times a day in an effort to control the swelling. Plaintiff testified that he fell asleep when he should have been working, and that his medications added to his drowsiness. Several records indicate that his medication management was left to his mother, and so there is a question whether any noncompliance with treatment was a consequence of plaintiff's limited mental functioning or was suggestive of plaintiff's perception of his need for the treatment.

The ALJ acknowledged that plaintiff was assessed or diagnosed with several medical conditions that would have an impact on his daily functioning. The ALJ, however, discounted those records based upon the opinion of a medical expert who had conducted a records review. The expert testified that claimant's treating physicians were either wrong in their diagnoses or that plaintiff's conditions had improved with treatment, such that many of them were not serious impairments. Plaintiff points out that the expert did not have the latest medical records, did not have records showing plaintiff's IQ and limited mental abilities, and did not have the benefit of hearing plaintiff's testimony before giving his opinion.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). In this case, the diagnoses of the treating physicians are not inconsistent or without acceptable clinical and diagnostic data. The only inconsistent opinion is that of the medical expert who testified without having the benefit of all the relevant evidence or of having examined plaintiff. This court is not persuaded that his testimony provides substantial evidence on the record as a whole to support the ALJ's conclusion.

4

The ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect the claimant's RFC. Lewis v. Barnhart, 353 F.3d at 646.

There is an implication that because claimant was able to work for a number of years after his acute cardiac episode and he was able to work for a long period of time with his mental impairments, this supports the conclusion that he could continue to work. This court is not persuaded that implication is supported by the record as a whole. It appears plaintiff may have started having the problems getting his work done, falling asleep on the job, and otherwise being subjected to "write ups" toward the end of his employment. The record doesn't show whether those problems existed prior to the cardiac episode. His medical history also does not make it clear at what stage he developed diabetes, severe sleep apnea, hypertension and his other conditions. It may well be that the development of these conditions over time, when considered in combination, show a significant change in his circumstances toward the end of his employment and thereafter.

The court recognizes the difficult job facing the ALJ in cases such as this where there is little documented correlation of all the impairments or an overall medical assessment of what plaintiff can continue to do in spite of his impairments. Nevertheless, the court finds the ALJ relied too heavily on the opinion of the medical expert and not upon the evidence in the record as a whole.

The court is not persuaded that the record currently supports an award of benefits, but believes that the record should be developed to include an assessment of claimant's intellectual capacity and an assessment of his overall medical condition when considered in combination with the intellectual and mental health issues.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

Case 4:07-cv-00182-WAK   Document 18   Filed 10/18/07   Page 5 of 6

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record and reassessment of the evidence.

Dated this 18th day of October, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge